IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
NEWPORT NEWS DIVISION



FILED
APR 19 2013
CLERK, US DISTRICT COURT
NORFOLK, VA

UNITED STATES OF AMERICA

v.   Criminal No. 4:13cr13-4-RAJ-TEM

WALID MOHAMED SOLIMAN,

Defendant.

## OPINION AND ORDER

This matter is before the Court on Defendant Walid Mohamed Soliman's ("Defendant") Motion for Detention Review, Doc. 95, filed April 16, 2013, and Motion to Modify Conditions of Release, Doc. 88, filed April 8, 2013. On April 17, 2013, the Court convened a hearing on this matter and ruled from the bench. The Court **DENIED** Defendant's Motions and now issues this Opinion and Order setting forth the reasons for its ruling in further detail.

### BACKGROUND

Defendant is charged via a superseding indictment with one count of Conspiracy to Possess with the Intent to Distribute and Distribute Analogues, in violation of 21 U.S.C. §§ 846, 841(a)(1), and (b)(1)(c), and one count of Possess with Intent to Distribute and Distribute Analogues, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(C). Doc. 41. If convicted, Defendant could face up to twenty (20) years in prison on each count. See 21 U.S.C. § 841(b)(1)(C).

Before the superseding indictment added Defendant to this case on March 12, 2013, Defendant had been on bond on related state charges without incident for six months. Doc. 95. Defendant was arrested and taken into federal custody on March 15, 2013. After initially waiving his right to an immediate detention hearing, Defendant moved for bond, Doc. 62, and a detention

1

hearing was held before Magistrate Judge Lawrence R. Leonard on March 28, 2013. Doc. 71.

Judge Leonard held that:

> In light of the severity of the charges, the weight of the evidence, the lack of a third-party custodian, the Defendant's ties to Egypt, his unemployment and prior drug use, the potential lack of a residence for the Defendant to return to if released, and the large sums of U.S. Currency that [were] secreted throughout the Defendant's residence, the Court concludes that the Defendant poses a risk of non-appearance and should be held in custody until trial. Because the Defendant faces a lengthy term of imprisonment, as well as substantial fines, and because the evidence against the Defendant is strong, the Court further concludes that the Defendant has a strong incentive to flee. Accordingly, the Court finds the Defendant is a risk of flight and there are no conditions that could be reasonably fashioned to assure his return for further proceedings and, therefore, orders the Defendant detained for trial.

Doc. 75.

This Court granted a hearing on Defendant's Motions, Docs. 88 and 95, because Defense Counsel represented that a suitable third party custodian, with a suitable residence, had been found who could serve to assure Defendant's return for further proceedings.

The parties' submissions and the Probation Officer's report supplied the following information regarding Defendant: He is nineteen (19) years old and a first generation American citizen who was born in the United States. He resided in Egypt from age four (4) through age fourteen (14), but has resided in the United States ever since. He frequently visits Egypt, including as recently as July 2012. When arrested, his passport was taken. Defendant's father resides in Newport News, VA, but is on supervised release for a conviction of income tax evasion. Over $100,000 was discovered hidden in various places in Defendant's residence, where his father also resides. One of Defendant's sisters resides in Virginia, and is a co-defendant in this case. Defendant's three other sisters reside with Defendant's mother in Egypt. Defendant is unmarried and has no children. Defendant admits having used marijuana before but states that he has not used the drug for one year, including six months before his arrest.

Defendant appears to have no criminal record except for the state charges that resulted in the instant federal case and a February 2, 2013, reckless driving charge that he incurred while he was on bond on his other state charges. During the stop for reckless driving, officers found between $10,000 and $68,000 in cash in the vehicle.

## LEGAL STANDARD

This Court is reviewing the Magistrate Judge's detention order, Doc. 75, pursuant to 18 U.S.C. § 3145(b). In determining whether there are conditions of release that will reasonably assure the appearance of Defendant at further proceedings and the safety of the community while he is released, the Court takes into account the available information on the following factors: (1) the nature and circumstances of the crime charged; (2) the weight of the evidence against Defendant; (3) the history and characteristics of Defendant; and (4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release. 18 U.S.C. § 3142(g). Because the indictment charges Defendant with a violation of the Controlled Substances Act, 21 U.S.C. §§ 801–64, which carries a maximum term of imprisonment of more than ten years, there is a rebuttable presumption "that no condition or combination of conditions will reasonably assure the appearance of the person as required or the safety of the community." 18 U.S.C. § 3142(e)(3). Even if this presumption is rebutted, it "remains . . . a factor to be considered" by the Court. United States v. Dillon, 769 F.2d 243, 251 (5th Cir. 1985).

## ANALYSIS

Here, Defendant faces up to twenty (20) years in prison for each of two charges under the Controlled Substances Act. Defendant proffered evidence favorable to the contention that he should be released on conditions, including a clean criminal record. Accordingly, the

presumption in favor of detention is rebutted, but the evidence still shows an incentive to flee, as well as a danger to the community.

The evidence against the Defendant is strong. The government proffered information about a detailed log book in Defendant's writing and with his name that listed transactions for "spice," the analogue. Additionally, law enforcement made controlled buys and confidential informants made and confirmed purchases. This factor shows an incentive to flee.

While the Defendant asserts this area is home, he has only resided here for five of the last fifteen years. His only family here is his father, who is on supervised release for income tax evasion, and a sister, who is a co-defendant in this case. The remainder of his family, his mother and three other sisters, reside in Egypt. His current family situation provides an incentive to flee. Defendant's clean criminal record is to his credit. However, officers discovered over $100,000 hidden at his residence. Further, while he was being ticketed for reckless driving while out on bond, the police found upward of $10,000 cash in his vehicle.[1] These facts demonstrate that Defendant has the financial means to flee, and an incentive to flee in order to keep this money which will otherwise likely be subject to forfeiture. See Doc. 41.[2]

Lastly, the Government proffered evidence that Defendant has witnessed third parties alleged to have consumed spice, including his sister, having a serious adverse reaction, including seizures, hyperventilation, and hysterics—sometimes requiring hospitalization. The Government further proffered that Defendant continued to deal the analogue, indicating that he did so aware of the harm it caused, and accordingly would be a danger to the community if released.

---

[1] The proffer by defense counsel regarding the cash was contradictory and confusing. First, it was proffered that Defendant only made a "technical" claim to the $100,000, but it really belonged to his father who has filed a claim for it. Later, it was proffered that only a portion of it belonged to Defendant. As to the cash found in the trunk of the car, it was initially proffered that the Defendant did not know of its existence. Later, however, it was proffered that $68,000 was an exaggeration and it was only about $10,000.

[2] The indictment includes a forfeiture provision, and the proffered evidence shows multiple cash transactions for the purchase of "spice."

Accordingly, the Court **FINDS** that Defendant has a strong incentive to flee and is a risk to the community.

Finally, the Court considered the conditions of release that defense counsel argued merited this review and would assure Defendant's attendance at further proceedings—a third party custodian with electronic monitoring. The Court heard testimony from the proposed third party custodian ("Custodian").[3] The Custodian had a record of alcohol abuse from the 1990s until 2007 that had resulted in multiple misdemeanor convictions. Since 2007, it appears that Custodian has avoided alcohol abuse and has become an exemplary member of society, even serving in leadership positions to help others with the same struggles with which she is dealing. However, she does not appear to be an acceptable candidate to serve as Defendant's custodian, even with electronic monitoring. Her relationship with defendant is insubstantial. She stated that she knows Defendant from occasionally seeing him while purchasing cigarettes at Defendant's father's store. When asked about Defendants age, she missed the mark by six (6) years guessing that he was twenty-five (25), when he is nineteen (19). Further, she did not seem to be at all aware that Defendant had a mother and three sisters in Egypt. The fact that she has had a customer relationship with Defendant's father at the store where the illegal activity allegedly occurred is not sufficient to persuade this Court that her custodianship could assure Defendant's appearance at later proceedings and the safety of the community.

Accordingly, the Court **FINDS** that Defendant is a risk of flight and that there are no conditions that could be reasonably fashioned to assure his return for further proceedings, and therefore, **DENIES** Defendant's Motions, Docs. 88 and 95. The Magistrate Judge's well-

---

[3] Because the name of the individual is not relevant, and significant information about her past is included, her name is omitted.

reasoned Detention Order, Doc. 75, will stand with the further rationale and evidentiary consideration explained in this Opinion and Order.

The Clerk is **REQUESTED** to send a copy of this Opinion and Order to all counsel of record.

It is so **ORDERED**.

/s/
Henry Coke Morgan, Jr.
Senior United States District Judge
HENRY COKE MORGAN, JR.
SENIOR UNITED STATES DISTRICT JUDGE

Norfolk, Virginia
Date: April 18, 2013